# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTONIO V. BRIDGES,

                Petitioner,                    Case Number: 06-CV-10566

v.                                        HON. BERNARD A. FRIEDMAN

HUGH WOLFENBARGER,

                Respondent.

_____/

### OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING CASE

Petitioner Antonio V. Bridges has filed a *pro se* petition for a writ of habeas corpus.

Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan,

challenges the constitutionality of his conviction for violating the terms of his probation.

Respondent has filed a Motion to Dismiss on the ground that the petition contains unexhausted

claims. Petitioner has responded by filing a Motion to Stay Petition for Writ of Habeas Corpus.

The Court shall grant Petitioner's motion, stay the present petition, and administratively close

the matter.

## I.

Petitioner pleaded no contest in Ingham County Circuit Court to assault with intent to

commit a felony. He was sentenced to time served and five years probation. On September 1,

2004, Petitioner pleaded guilty to violating the terms of his probation. He was sentenced to

twenty-one months to ten years imprisonment.

Petitioner filed an application for delayed appeal and a motion to withdraw his appointed

counsel in the Michigan Court of Appeals.  The appeal was dismissed on February 18, 2005, "for

failure to pursue the case in conformity with the rules."  People v. Bridges, No. 260243 (Mich.

Ct. App. Jan. 18, 2005).  Petitioner did not seek leave to appeal this order in the Michigan

Supreme Court.

Petitioner then filed motions in the trial court to correct his pre-sentence report and for

resentencing.  The trial court denied both motions.  People v. Bridges, No. 03-001213 (Ingham

County Cir. Ct. Sept. 6, 2005).  Petitioner filed an application for leave to appeal in the Michigan

Court of Appeals, but the application was denied because it was not timely filed.  People v.

Bridges, No. 266972 (Mich. Ct. App. Dec. 20, 2005).  Petitioner filed an application for leave to

appeal in the Michigan Supreme Court, which was also denied.  People v. Bridges, No. 130279

(Mich. March 27, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the

following claims:

> I. Conviction obtained by plea of guilty which was unlawfully induced, not voluntary.
>
> II. Denial of effective assistance of counsel and appeal counsel.
>
> III. Insufficient factual basis.
>
> IV. Invalid sentence.

Petitioner filed three Motions to Amend his Habeas Petition [Dkt. # 7, 10, & 12].  The

Court hereby grants the Motions.  As amended, the petition presents the following claims:

> I. Petitioner was denied the effective assistance of appellate counsel in violation of the Sixth Amendment.
>
> II. Involuntary no contest plea.

III.     Involuntary plea of guilty of violation of probation.

IV.     Sentence is invalid in violation of state and federal due process clause, where the trial court used inaccurate information to impose his sentence because the PSI was not accurate.

VI.     Factual basis for no contest plea did not support the elements necessary to support defendant's conviction for the crime charged.

VII.    Petitioner's sentence violates the Constitution by the trial court's judicial fact finding, which increased the authorized maximum sentence in violation of the Sixth Amendment.

VIII.   Petitioner is actually innocent of the crime for which he was charged and convicted.

## II.

Respondent has filed a Motion to Dismiss on the ground that Petitioner has failed to exhaust his state court remedies with respect to the claims presented in his petition. In response, Petitioner filed a Motion to Stay Habeas Corpus Petition so that he may present his unexhausted claims in state court.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the

Court finds that Petitioner has asserted good cause for failing previously to present these claims

in state court.  In addition, the Court finds that these claims are not "plainly meritless" and that

Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 544 U.S. at 277-78.

Therefore, the Court shall grant the motion and stay further proceedings in this matter pending

Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state

court remedies, the district court "should place reasonable time limits on a petitioner's trip to

state court and back."  Id. at 278.  To ensure that Petitioner does not delay in exhausting his state

court remedies, the Court imposes upon Petitioner time limits within which he must proceed.

*See*  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in

state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court

to lift the stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v.

Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the

filing of an application for state post-conviction or other collateral relief until the conclusion of

the time for seeking Supreme Court review of the state's final judgment on that application").

"If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the

date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal

quotation omitted).

### III.

Petitioner has filed a Motion for Appointment of Counsel.  There exists no constitutional

right to the appointment of counsel in civil cases, and the court has broad discretion in

determining whether counsel should be appointed.  Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th

Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  The Court determines that appointment of counsel at this time is inappropriate given that the Court has stayed further proceedings.

Petitioner also has filed a Motion for Release.  He seeks release on a personal recognizable bond pending disposition of his habeas petition.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice."  Aronson v. May, 85 S. Ct. 3, 5 (1964); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990).  "There will be few occasions where a prisoner will meet this standard."  Dotson, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993).  Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.  In addition, the fact that the Court has now stayed further proceedings pending exhaustion of state court remedies would make release on bond inappropriate.  Therefore, the Court denies the motion.

Petitioner also has filed a Motion of Custody of a Prisoner in a Habeas Corpus Proceeding, in which he argues that the Michigan Department of Corrections violated Federal Rule of Appellate Procedure 23(a), when it transferred him from a prison in New Haven,

Michigan to a prison in Kincheloe, Michigan during the pendency of his habeas proceeding.

Federal Rule of Appellate Procedure 23(a) states:

Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

This Rule applies only when a habeas petition is before a court of appeals on review of a district court's decision and is therefore inapplicable to habeas petitions that are pending in a federal district court. See Evans v. Luoma, 2006 WL 2471938 (E.D. Mich. Aug. 24, 2006); Mitchell v. McCaughtry, 291 F.Supp.2d 823, 835 (E.D.Wis.2003).  Therefore, the Court shall deny Petitioner's motion.

## IV.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings is **GRANTED**.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.  If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical

purposes.

It is further **ORDERED** that Respondent's Motion to Dismiss is **DENIED**.

It is further **ORDERED** that Petitioner's Motions to Amend his Habeas Petition [Dkt. #

7, 10, & 12] are **GRANTED**.

It is further **ORDERED** that Petitioner's Motion for Appointment of Counsel [Dkt. # 8],

Motion for Release [Dkt. # 11], and Motion of Custody of a Prisoner in a Habeas Corpus

Proceeding [Dkt. # 9] are **DENIED**.

                                              s/Bernard A. Friedman
                                              BERNARD A. FRIEDMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated:   January 31, 2007

Copies to counsel of record.