UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO BRIDGES,

     Petitioner,                          Civil Action No. 06-CV-10566

v.                                HON. BERNARD A. FRIEDMAN

MARY BERGHUIS,

     Respondent.

_____/

## OPINION AND ORDER CONDITIONALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS

       Petitioner Antonio Bridges, a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his conviction for assault with intent to commit a felony, MICH. COMP. LAWS § 750.87. Petitioner also challenges his conviction for violating the terms of his probation. For the reasons stated below, petitioner's application for a writ of habeas corpus is conditionally granted.

## I. BACKGROUND

       The court will only discuss the facts which are relevant to the resolution of the claim on which petitioner is being granted habeas relief. On April 29, 2004, petitioner pled no contest to a charge of assault with intent to commit a felony ("assault plea") in Ingham County Circuit Court, for which he was sentenced to time served and five years probation. On September 1, 2004, petitioner pled guilty to violating the terms of his probation ("probation violation plea") for failing

a blood alcohol test.  On September 15, 2004, the trial court sentenced petitioner to 21-120 months imprisonment.

Following the assault plea, petitioner requested appointment of appellate counsel. The trial court appointed attorney Kevin Laidler on November 22, 2004.  Petitioner filed a *pro se* application for leave to appeal with the Michigan Court of Appeals on January 5, 2005.  Shortly thereafter, petitioner filed a motion with the Michigan Court of Appeals to withdraw attorney Laidler.  Previously, attorney Laidler had filed a motion to withdraw with the trial court; this motion had not been ruled upon at the time petitioner filed his motion to withdraw with the Court of Appeals.  Petitioner cited a breakdown in their relationship as the cause and complained that his attorney would not respond to any of his correspondence, had not filed an application for leave to appeal or taken other action petitioner requested.  Petitioner further indicated that he had filed a motion to withdraw counsel in the state trial court and written letters about this issue to the trial judge but the filings had been ignored.

On February 18, 2005, the Michigan Court of Appeals issued an order dismissing the delayed application and petitioner's motion to withdraw "for failure to pursue the case in conformity with the rules."  *People v. Bridges,* No. 260243 (Mich. Ct. App. Feb. 18, 2005).  Petitioner did not appeal this matter to the Michigan Supreme Court.  *See* Affidavit of Corbin R. Davis dated July 20, 2006 [docket entry 31-12].

On May 2, 2005, the state trial court acted on the motion to withdraw attorney Laidler and appointed substitute counsel, Sharon Jones.  On August 24, 2005, attorney Jones filed a motion to withdraw.  While this motion was pending, the time to file  applications for leave to appeal the assault and probation violation pleas expired.

2

On October 17, 2005, petitioner filed a *pro se* motion for relief from judgment pursuant to MCR 6.500, raising the following four claims:

> 1. Did [petitioner] enter an involuntary no contest plea, in violation of state and federal due process?
>
> 2. Did [petitioner] enter [an] involuntary plea of guilty at his probation violation hearing in violation of state and federal due process, where the trial court failed to inform [petitioner] of the maximum sentence for violating his probation?
>
> 3. Was [petitioner] entitled to resentencing under state and federal due process where the trial court used inaccurate information and erred in scoring the guidelines?
>
> 4. Was [petitioner] denied his Sixth Amendment right to the effective assistance of appellate counsel?

On October 31, 2005, the trial court granted attorney Jones' motion to withdraw and stated that it would appoint another attorney. Before the court appointed another attorney, however, petitioner filed a second *pro se* delayed application for leave to appeal with the Michigan Court of Appeals on December 2, 2005.

On December 5, 2005, petitioner filed a complaint with the Michigan Court of Appeals for superintending control over the trial court which he alleged refused to rule on his motions or to provide him with a copy of his court file. Petitioner indicated that he was awaiting appointment of counsel. The Michigan Court of Appeals dismissed the action for failure to pay the filing fee. *See Bridges v. Ingham Circuit Judge,* No. 266973 (Mich. Ct. App. Dec. 19, 2005).

On December 20, 2005, the Michigan Court of Appeals dismissed petitioner's second delayed application with the following order:

> The delayed application for leave to appeal and motion for immediate consideration filed December 7, 2005, are dismissed for lack of jurisdiction because the application was not filed within 12

3

> months of the original judgment of sentence entered on June 30,
> 2004, nor was it filed within 12 months of the September 15, 2004
> judgment of sentence following the probation violation as required by
> MCR 7.205(F)(3) and neither exception found in MCR 7.205(F)(4)
> was satisfied for either judgment of sentence. As to the original
> judgment of sentence, which would encompass the issue seeking
> withdrawal of the plea, the motions challenging the sentencing
> following probation violation would not toll the time period for filing
> the application challenging the conviction. See *People v Pickett,* 391
> Mich 305 (1974).  As for the judgment of sentence following the
> probation violation, the application was not filed within 21 days of
> the September 7, 2005, entry of the order denying the sentencing
> issues as required by the first exception found in MCR 7.205(F)(4).

*People v. Bridges*, No. 266972 (Mich. Ct. App. Dec. 20, 2005).[1]  On December 29, 2005, petitioner

filed a motion for reconsideration and also an application for leave to appeal with the Michigan

Supreme Court.  On January 31, 2006, the Michigan Court of Appeals denied petitioner's motion

for reconsideration as untimely under MCR 7.203(F)(2), which provides 21 days for filing, despite

the fact that the motion was filed nine days after the issuance of the challenged order.  *See People*

*v. Bridges*, No. 266972 (Mich. Ct. App. Jan. 31, 2006).  On March 27, 2006, the Michigan Supreme

Court denied petitioner's application for leave to appeal the December 20, 2005, order of the Court

of Appeals because it was not persuaded that the questions presented should be reviewed.  *See*

*People v. Bridges*, 474 Mich. 1096 (2006).

Meanwhile, on January 17, 2006, the trial court appointed the State Appellate

Defenders Office ("SADO") as second substitute appellate counsel.  Subsequently, petitioner filed

a supplement to his October 2005 *pro se* post-conviction motion with the assistance of SADO

attorney Jonathan Sacks.  On June 6, 2006, the trial court decided the post-conviction motion, ruling

---

[1] Earlier, in November 2004, Petitioner had filed motions with the trial court to correct his presentence report and for resentencing.  The trial court denied these motions in an opinion and order dated September 7, 2005.

against petitioner on the merits except for petitioner's claim that he was denied the effective assistance of appellate counsel for counsel's failure to file a timely application for leave to appeal, and as to this issue the opinion was silent. *See People v. Bridges*, No. 03-1213-FH (Ingham County Cir. Ct. June 6, 2006). On November 6, 2006, petitioner filed a delayed application for leave to appeal the June 6, 2006, decision. On May 17, 2007, the Michigan Court of Appeals issued an order denying petitioner's delayed application "for lack of merit in the grounds presented." *People v. Bridges,* No. 274381 (Mich. Ct. App. May 17, 2007). On May 21, 2007, petitioner filed an application for leave to appeal with the Michigan Supreme Court. On September 10, 2007, the Michigan Supreme Court issued an order denying petitioner's application because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Bridges*, 480 Mich. 858 (2007).

In February 2006, petitioner filed the instant habeas petition. He subsequently filed three motions to amend his habeas petition. *See* docket entries 7, 10, 12. In August 2006, respondent filed a motion to dismiss based on petitioner's failure to exhaust state court remedies. In response, petitioner filed a motion with this court, requesting a stay to allow him to present his unexhausted claims to the state appellate courts. This court granted petitioner's request to stay the action, denied respondent's motion to dismiss and administratively closed the case. This court also directed petitioner to present his claims in state court within 60 days from the date of its order, and to ask the court to lift the stay within 60 days of exhausting his state court remedies.

In September and October 2007, petitioner filed several motions with this court. In its order dated February 7, 2008, this court construed petitioner's motion for clarification as a motion to reopen the habeas corpus proceedings and entered an order reopening the case. On March

5

31, 2008, petitioner filed a supplemental memorandum in support of his petition.  Petitioner raises

the following issues before this court:

> 1. Ineffective assistance of appellate counsel for failure to file timely application for leave to appeal.
>
> 2. Invalid sentencing due to a) improper judicial fact finding and b) inaccurate PSI.
>
> 3. Involuntary no contest plea because trial judge coerced the plea.
>
> 4. Involuntary plea to probation violation for failure of court to inform him of maximum sentence that could be imposed before accepting plea.

On April 7, 2008, respondent filed an answer addressing two sentencing issues (claim 2) and the

claims that petitioner's no-contest plea and guilty plea were involuntary (claims 3 and 4).

Respondent's answer does not address the ineffective assistance of appellate counsel claim (claim

1).

## II.  STANDARD OF REVIEW

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA").  Pursuant to the AEDPA, petitioner is entitled to a writ of habeas corpus only

if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under § 2254(d), petitioner must show that the state court's

decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly

6

established precedents, or was based upon an unreasonable determination of the facts." *Price v.*
*Vincent,* 538 U.S. 634, 639 (2003).

       A state court's decision is "contrary to" clearly established federal law "if the state
court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law
or if the state court decides a case differently than [the Supreme] Court has on a set of materially
indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision
is an "unreasonable application of" clearly established federal law "if the state court identifies the
correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case." *Id*. at 413. A state court decision "based on a factual
determination will not be overturned on factual grounds unless objectively unreasonable in light of
the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S.
322, 340 (2003).

### III. DISCUSSION

       As the facts set forth above make clear, at no point in the state proceedings did an
appellate attorney file a delayed application for leave to appeal on petitioner's behalf. At the time
the deadlines were expiring for challenging (1) the June 30, 2004, judgment of sentence following
the assault plea, (2) the September 15, 2004, judgment of sentence following the probation violation
plea, and (3) the September 7, 2005, order denying sentencing issues, petitioner was represented by
attorney Sharon Jones.[2] The state trial court did not grant Ms. Jones' motion to withdraw until

---

     [2] Under MCR 7.205(F)(3), criminal defendants have 12 months from the entry of final
judgment to file a delayed application for leave to appeal. Application deadlines for appealing
the assault conviction and probation violation conviction were June 30, 2005, and September 15,
2005, respectively. Under MCR 7.205(F)(4), petitioner had 21 days from September 7, 2005, to
file an application for leave to appeal the denial of his motion challenging the validity of his

October 31, 2005, which was after all of these deadlines had expired.

        In her answer, respondent has not contested petitioner's allegations with respect to his claims that the trial court appointed Sharon Jones to substitute for Kevin Laidler, that petitioner wanted attorney Jones to file an application for leave to appeal on his behalf and that Jones' failure to do so led to the forfeiture of petitioner's right to file an appeal. The court will therefore accept the factual allegations contained within the habeas petition regarding petitioner's desire to appeal his convictions and Jones' failure to perfect the appeals. *See Dickens v. Jones,* 203 F. Supp.2d 354, 360 (E.D. Mich. 2002) ("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations"); *Grooms v. Solem,* 520 F. Supp. 1184, 1186 (D. S.D. 1981) (habeas relief granted on ineffective assistance of appellate counsel claim where respondent did not contest the fact that the petitioner requested his attorney to file an appeal and that the attorney failed to do so).

        The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel on direct appeal. *See Evitts v. Lucey,* 469 U.S. 387, 396 (1985). In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance. First, a defendant must show that counsel's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To establish prejudice in most cases, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

sentence for the probation violation conviction.

Where counsel fails to provide any assistance to a criminal defendant at a critical stage of his criminal proceedings, prejudice may be presumed if "the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000). In *Roe,* the Court held that if an appellate counsel's failure to file a notice of appeal results in the complete denial of an appeal the defendant otherwise would have taken, such failure is constitutionally deficient performance. *See id.* at 477. In such cases, the defendant is entitled to a presumption of prejudice that results in the denial of the right to the effective assistance of counsel. *See id.* at 483-84. *See also Penson v. Ohio,* 488 U.S. 75, 88 (1988) ("Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage," the presumption of prejudice extends to the denial of counsel on appeal); *United States v. Cronic,* 466 U.S. 648, 659 (1984) ("[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."). Because prejudice is presumed where appellate counsel fails to timely perfect an appeal upon the client's request, it is unnecessary for the defendant to demonstrate that the appeal would have been successful. *See Rodriguez v. United States,* 395 U.S. 327, 330 (1969) (failure of prisoner to specify the points he would raise were his appeal reinstated, after being lost by counsel's failure to timely file notice of appeal, did not justify the rejection of his motion to vacate sentence); *Ludwig v. United States,* 162 F. 3d 456, 458 (6th Cir. 1998) (defense attorney's failure to perfect a direct appeal, upon request by a defendant, is a *per se* violation of the Sixth Amendment right to counsel, regardless of whether the appeal would have been successful); *Benoit v. Bock,* 237 F. Supp.2d 804, 810 (E.D. Mich. 2003) ("when counsel has failed diligently to pursue his client's appeal of right from a

9

criminal conviction contrary to his client's request, the Court need not attempt to determine whether his conviction might have been upheld"); *Spearman v. United States,* 860 F. Supp. 1234, 1252 (E.D. Mich. 1994) (a "criminal defense attorney's failure to file a notice of appeal when requested to do so by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success").

In the present case, appellate counsel Jones' failure to file a timely delayed application for leave to appeal resulted in petitioner's direct appeal being dismissed and deprived him of an appeal that he otherwise would have taken. The fact that petitioner filed a *pro se* application for leave to appeal does not detract from this finding but only shows petitioner's desire to exercise his right to appeal his convictions. Petitioner filed a *pro se* application because, according to his uncontested allegations, appellate counsel refused to do so.[3] Due to his lack of familiarity with state appellate procedure, petitioner's initial application was dismissed for failure to comply with procedural requirements. Petitioner's second application was filed during the window of time between the dismissal of attorney Jones and the appointment of attorney Sacks. The second application was dismissed because it was untimely. As the United States Supreme Court has observed, "[i]ndigent defendants pursuing first-tier review [of their plea-based convictions] in the [Michigan] Court of Appeals are generally ill equipped to represent themselves." *Halbert v. Michigan,* 545 U.S. 605, 617 (2005). This point is amply demonstrated by petitioner's failed

---

[3] In this case, there is no dispute that petitioner communicated that he wanted counsel to file an application for leave to appeal on his behalf. *Cf. Roe,* 528 U.S. at 478-80 (where defendant has not clearly conveyed desire to appeal, question of whether counsel has duty to consult with defendant about his wishes can depend on whether defendant has non-frivolous grounds for appeal). The court notes that petitioner's fourth claim challenging the voluntariness of his probation violation plea due to the trial court's failure to inform him of the maximum sentence he faced is certainly "non-frivolous."

attempts in this case to appeal his plea-based convictions without the assistance of an attorney.

At the time petitioner filed his post-conviction motion, he did so without the assistance of counsel. This fact distinguishes this case from *Hollin v. Sowders*, 710 F.2d 264, 266 (6th Cir. 1983), in which the court held that a post-conviction motion *filed by counsel* is an "adequate substitute for direct appellate review" such that a petitioner could not demonstrate that his counsel's failure to file a timely application for leave to appeal prejudiced him.[4] While the record reflects that petitioner proceeded without counsel, it also reflects that he did so because his appointed appellate attorneys refused or simply failed to take timely action in perfecting his direct appeal. The record does not reflect that petitioner thereby waived his right to appellate counsel. A criminal defendant who chooses to exercise his right of self representation, which is a corollary to the Sixth Amendment right to counsel, cannot do so unless he knowingly and intelligently waives his right to counsel on the record. *See Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001). The state court has a duty to ensure that a defendant waives this fundamental constitutional right with "eyes wide open." *Id.* "A trial court's determination as to the propriety of a waiver should appear on the record." *Id.*[5] A

---

[4] In addition, *Hollin* was decided years before the *Roe* Court held that prejudice would be presumed in cases where counsel's deficient performance altogether deprives a criminal defendant of an appellate proceeding he desired to pursue.

[5] Although petitioner filed his post-conviction pleadings *pro se*, neither the state trial court nor the state appeals court "addressed the question of waiver, even though 'courts [should] indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *James v. Brigano*, 470 F.3d 636, 644 (6th Cir. 2006) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The record reflects that petitioner repeatedly requested the appointment of appellate counsel and did not expressly waive his right thereto. There is nothing in the record that contains any discussion about waiver, let alone a determination as to the propriety of a waiver. Nor are there any state court findings that petitioner was switching attorneys in order to delay the proceedings. *See King v. Bobby*, 433 F.3d 483, 492-94 (6th Cir. 2006) (if a defendant engages in dilatory tactics, such conduct may be sufficient to constitute valid waiver of counsel and excuse duty of court to explicitly ensure knowing and intelligent waiver); *James*, 470 F.3d at

post-conviction motion filed without the assistance of counsel where the right to counsel has not

been waived is not an "adequate substitute for direct appellate review." Petitioner was prejudiced

by the denial of the opportunity to have a lawyer represent him on direct appeal.

     In this case, petitioner has established that appellate counsel's deficient performance

in failing to file an application for leave to appeal resulted in the forfeiture of his direct appeal

which he wanted to pursue. Petitioner has established that he was deprived of the effective

assistance of appellate counsel on his direct appeal. *See Roe*, 528 U.S. at 484. While no Michigan

state court offered a reasoned judgment on the merits of this claim, the court concludes that the state

court of appeals' denial of relief is contrary to the United States Supreme Court's holding in *Roe v.*

*Flores-Ortega.*

     The only remaining question is what the appropriate habeas remedy should be in this

case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief.

*See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Federal courts are authorized to dispose of

habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the authority

to conditionally grant a writ to pursue another appeal. *See Ward v. Wolfenbarger*, 323 F. Supp.2d

818, 830 (E.D. Mich. 2004), *modified on recon.,* 340 F. Supp.2d 773 (E.D. Mich. 2004); *Grady v.*

*Artuz*, 931 F. Supp. 1048, 1073 (S.D.N.Y. 1996) (in a case based on ineffective assistance of

appellate counsel, a habeas petitioner is entitled to a new appeal rather than a new trial); *Benoit,* 237

F. Supp.2d at 812 (deciding, without discussion, that the appropriate remedy for a violation of the

---

645 (Batchelder, J., concurring) (state court's failure to make adequate inquiry on the record about whether defendant was engaging in dilatory tactics by switching attorneys precluded a finding on habeas review that such conduct was sufficient to constitute valid waiver of counsel and excuse duty of the court to explicitly ensure waiver was made voluntarily, knowingly, and intelligently).

right to the effective assistance of appellate counsel was the reinstatement of petitioner's appeal of right and appointment of counsel). The appropriate remedy in this case is to grant the writ conditioned upon the State of Michigan appointing counsel for petitioner to prepare an application for leave to appeal and accepting said appeal for filing thereafter. *See Bulger v. Curtis,* 328 F. Supp.2d 692, 703 (E.D. Mich. 2004).

With respect to petitioner's other claims, by granting petitioner a new appeal this court has essentially "unexhausted" the remaining habeas claims. *See Walker v. McCaughtry,* 72 F. Supp.2d 1025, 1037 (E.D. Wis. 1999). In petitioner's recommended direct appeal, the Michigan appellate courts will have the initial opportunity to decide these other issues. *See id.*; *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (a later petition for a writ of habeas corpus based upon unaddressed claims in an earlier petition would not be considered a "successive" petition within the meaning of 28 U.S.C. § 2244(b) because an earlier petition that reinstates a right to a direct appeal does not count as an initial petition for purposes of the "second or successive" petition rule).

## IV.  ORDER

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is granted conditionally. Within 90 days of the date of this opinion and order, the State of Michigan is to (1) appoint counsel for petitioner to prepare an application for leave to appeal his convictions and (2) accept said appeal for filing thereafter.

13

IT IS FURTHER ORDERED that if the State of Michigan fails to take such action within 90 days of the date of this opinion and order, petitioner may apply to this court for an unconditional writ ordering respondent to release him from custody forthwith.

IT IS FURTHER ORDERED that petitioner's motion for immediate consideration [docket entry 38] is denied as moot.

_s/Bernard A. Friedman_____

Dated: August 13, 2009                    BERNARD A. FRIEDMAN
       Detroit, Michigan                  SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager

14